UNITED STATES COURT OF APPEALS

Filed 8/23/96

FOR THE TENTH CIRCUIT

JAMES D. HISHAW,

        Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

        Defendant-Appellee.

No. 96-5017
(D.C. No. CV-94-811-J)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff James D. Hishaw appeals the district court's affirmance of the decision by the Secretary of Health and Human Services awarding social security disability benefits for a closed period between November 23, 1988, and March 8, 1990, but not thereafter. Because the Secretary's decision is supported by substantial evidence and no legal errors were committed, we affirm.

Plaintiff filed for benefits in November 1990, alleging an inability to work after November 23, 1988, due to a back injury and several surgeries. After a hearing, an administrative law judge (ALJ) determined that plaintiff was disabled through March 8, 1990, but that after that date plaintiff's condition had improved so that he could perform the full range of light work. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary.

We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether she applied correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff argues first that substantial evidence does not support the conclusion that his condition improved to the point that he was capable of performing light work. We disagree. In May 1990, plaintiff's treating neurological surgeon wrote a letter stating that plaintiff had been released from treatment on March 8, 1990, and that he was "employable." II R. 256. No restrictions on plaintiff's capacity to work were noted. Id. Plaintiff's orthopedic surgeon released him to work in May 1990, restricting him only from heavy, strenuous lifting. Id. at 170-71. In August 1990, the orthopedic surgeon released plaintiff to return to work "with no restrictions." Id. at 171. These medical releases support the Secretary's determination that plaintiff had regained the ability to perform light work by March 9, 1990.

Treating physician Davis' opinion that plaintiff remains unemployable does not require a contrary result. When several treating physicians render inconsistent opinions, the Secretary may reject one or more of those opinions after considering the factors identified in 20 C.F.R. § 404.1527(d). See Goatcher v. United States

Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995). The Secretary must determine whether the opinions rendered by the other physicians outweigh that of the treating physician, and must give specific, legitimate reasons for disregarding his opinion. Id. In this case, the Secretary properly rejected Dr. Davis' opinion because it was not supported by specific medical findings, and because the opinions of the treating specialists were entitled to more weight.

We do not address plaintiff's arguments regarding the ALJ's pain analysis, hypothetical questions, or application of the grids, as plaintiff did not raise these issues before the district court. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge